# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NUMBER ____22-MJ-4018-RJD____ |
| | ) | |
| | ) | |
| CHRISTOPHER DAVID EMERY, | ) | |
| | ) | |
| Defendant. | ) | |

## CRIMINAL COMPLAINT

I, Raymond B. Hart, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### Count 1
### (Attempted Enticement of a Minor)

From on or about April 14, 2022, until on or about April 18, 2022, the defendant,

## CHRISTOPHER DAVID EMERY,

in Williamson County, Illinois, within the Southern District of Illinois, and elsewhere, using facilities of interstate commerce, that is a cellphone connected to the Internet, did knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in sexual activity under such circumstances as would constitute a criminal act under 720 ILCS 5/11-1.60(d) (Aggravated Criminal Sexual Abuse), in violation of 18 United States Code, Section 2422(b).

### Count 2
### (Soliciting an Obscene Visual Depiction of a Minor)

On or about April 15, 2022, in Williamson County, Illinois, within the Southern

District of Illinois, and elsewhere, the defendant,

## CHRISTOPHER DAVID EMERY,

using facilities of interstate commerce, including by computer, that is a cellphone connected to the Internet, did knowingly solicit purported material that is an obscene visual depiction of a minor engaging in sexually explicit conduct, as that term is defined in 18 United States Code 2256, in violation of 18 United States Code, Section 2252A(a)(3)(B).

### Count 3
### (Attempt to Transmit Information About a Person Under 16)

On or about April 18, 2022, in Williamson County, Illinois, within the Southern District of Illinois, the defendant,

## CHRISTOPHER DAVID EMERY,

while using a facility of interstate and foreign commerce, that being a cellphone connected to the internet, did knowingly attempt to initiate the transmission of the telephone number, and address of another individual, knowing that such other individual had not attained the age of 16 years of age, with the intent to entice, encourage, offer, and solicit a person to engage in sexual activity for which any person could be charged with a criminal offense.

All in violation of Title 18 United States Code Section 2425.

I further state that this complaint is based on the following facts:

### INTRODUCTION

1.     I am a Supervisory Senior Resident Agent (SA) with the Federal Bureau of Investigation (FBI) and have been employed in an Agent capacity with the FBI since 2009. I am currently assigned to the Springfield, Illinois, Division of the FBI where, for the past approximate six years, I have investigated crimes related to violent crimes against children.

2

Prior to this assignment, I was assigned to the Chicago, Illinois Division of the FBI for approximately 5 years where I conducted public corruption investigations. Prior to joining the FBI, I was an Assistant Commonwealth Attorney for the Commonwealth of Kentucky. In addition to a law degree, I have a Bachelor's degree in Criminal Justice. I have received law enforcement training from the FBI Academy at Quantico, Virginia. Since becoming a Special Agent, I have worked with experienced Special Agents who also investigate Child Exploitation offenses. In the performance of my duties, I have investigated and assisted in the investigation of matters involving the possession, collection, production, receipt, and/or transportation of images of child pornography and the solicitation and extortion of children to produce sexually explicit images of themselves. I have also investigated and assisted in the investigation of matters involving individuals using facilities of interstate commerce to knowingly persuade, induce, and entice minors to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense.

2.     I have investigated and assisted in the investigation of criminal matters involving the sexual exploitation of children that constituted violations of Title 18, United States Code, Sections 2251, 2252, 2252A, 2422, and 2423. In connection with such investigations, I have served as case agent, have been the affiant for several complaints and search warrants and I have conducted interviews of defendants and witnesses. I also have served as an undercover agent in online child pornography cases. As a federal agent, I am authorized to investigate and assist in the prosecution of violations of laws of the United States, and to execute search warrants and arrest warrants issued by federal and state courts.

3.     The statements contained in this affidavit are based on my personal knowledge as well as on information provided to me by other law enforcement officers. This affidavit is being

submitted for the limited purpose of securing a criminal complaint and an arrest warrant, and I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to believe that **CHRISTOPHER DAVID EMERY** committed violations of Title 18, United States Code, Section 2422(b) and Title 18, United States Code, Section 2251(a) and (e).

### STATUTORY AND LEGAL AUTHORITY

4.      This investigation concerns a violation of Title 18, United States Code, Section 2422(b), relating to the enticement or the attempted enticement of minors to engage in any sexual activity for which any person can be charged. 18 U.S.C. 2252A(a)(3)(B) prohibits using any facility or means of interstate commerce to knowingly solicit purported material that is an obscene visual depiction of a minor engaging in sexually explicit conduct. This investigation also concerns a violation of Title 18 U.S.C. 2252A(a)(3)(B) which prohibits using any facility or means of interstate commerce to knowingly solicit purported material that is an obscene visual depiction of a minor engaging in sexually explicit conduct. This investigation also concerns a violation of Title 18 U.S.C. 2425 which prohibits using any facility or means of interstate commerce to knowingly attempt to initiate the transmission of the telephone number, and address of another individual, knowing that such other individual had not attained the age of 16 years of age, with the intent to entice, encourage, offer, and solicit a person to engage in sexual activity for which any person could be charged with a criminal offense.

Based upon my training and experience, as well as conversations with other experienced law enforcement officers and experienced federal prosecutors, I know the following:

a.      18 U.S.C. 2422(b) prohibits using any facility or means of interstate commerce to knowingly persuade, induce, entice or coerce any individual who has not attained

4

the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempt to do so.

       b.    18 U.S.C. 2252A(a)(3)(B) prohibits using any facility or means of interstate commerce to knowingly solicit purported material that is an obscene visual depiction of a minor engaging in sexually explicit conduct, as that term is defined in 18 United States Code 2256.

       c. 18 U.S.C. 2425 prohibits using any facility or means of interstate commerce to knowingly attempt to initiate the transmission of the telephone number, and address of another individual, knowing that such other individual had not attained the age of 16 years of age, with the intent to entice, encourage, offer, and solicit a person to engage in sexual activity for which any person could be charged with a criminal offense.

       d.    18 U.S.C. 2256 (2)(B) defines sexually explicit conduct to include the graphic or simulated lascivious exhibition of the genitals or pubic area of any person.

       e.    The internet is a facility of interstate commerce.

       f.    Illinois statutory law provides in Illinois Statute 720 ILCS 5/11-1.60(d); and Illinois Statute 720 ILCS 5/11-0.1 (definition of sexual penetration and sexual conduct) that the criminal offense of aggravated criminal sexual abuse is committed when any person engages in an act of sexual penetration or sexual conduct with a person who is at least 13 years of age but under 17 years of age and the accused is at least five years older than the victim.

The term "sexual penetration" means any contact, however slight, between the sex organ or anus of one person and an object or the sex organ, mouth, or anus of another person, or any intrusion, however slight, of any part of the body of one person or object into the sex

5

organ or anus of another person, including, but not limited to, cunnilingus, fellatio, or anal penetration. Evidence of emission of semen is not required to prove sexual penetration.

The term "sexual conduct" means any knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus, or breast of the victim or the accused, for the purpose of sexual gratification or arousal of the victim or the accused.

## BACKGROUND OF INVESTIGATION AND
## FACTS ESTABLISHING PROBABLE CAUSE

5.     On approximately April 14, 2022, an FBI Undercover Employee ("UCE") was conducting an undercover investigation on the "MeetMe" online dating/chatting application. UCE posted a profile picture depicting an FBI female cooperating witness, which included the name "Briley" and indicated that she was 18 years old. The MeetMe application requires users to acknowledge that are 18 or older to establish an account.

6.     On April 14, 2022, an individual who was later identified as **CHRISTOPHER DAVID EMERY** (hereinafter refered to as "**SUBJECT**") initiated a conversation with "Briley" via the MeetMe dating application. The SUBJECT's MeetMe profile displayed the name "Christopher" and indicated he was 48 years old. The conversation between UCE and the SUBJECT was brief and included a conversation that was sexual in nature. During the conversation, the SUBJECT revealed that he was employed at United States Penitentiary Marion. Shortly after the initiation of the conversation, UCE's profile was deleted by MeetMe Administrators for violating the rules of the MeetMe application. Presumably this action was taken by MeetMe because of other chats the UCE was having on that same account where the UCE was purporting to be under 18. That deleted conversation was unable to be preserved as evidence. The conversation between UCE and the SUBJECT, on April 14, 2022, did not include a discussion about age.

7.     On April 15, 2022, UCE again created a profile on the "MeetMe" online dating/chatting application.  UCE again posted a profile picture depicting an FBI female cooperating witness, which included the name "Briley" and indicated that she was 18 years old. Again, the SUBJECT initiated a conversation with UCE using his aforementioned MeetMe profile.  SUBJECT initiated the conversation by saying, "Hello. Sorry if I offended you." SUBJECT then noted that he thought UCE had blocked him from communicating with UCE on MeetMe.  UCE then asked SUBJECT to message UCE on the Kik Online Messenger Application, and UCE would explain what happened.  The SUBJECT then initiated a conversation with UCE on Kik by saying, "Hey it's me Chris."  The SUBJECT's Kik profile name was "X Xhy" and contained a photograph of the SUBJECT.  The following excerpt of the conversation followed:

- UCE: Someone reported me for being underage and they deleted my account

- SUBJECT: Are you under age

- UCE: Yeah

- SUBJECT: Well I can't talk to you then. I can get in a lot of trouble.

- UCE: I understand. Sorry. I'm not trying to get anybody in trouble

- SUBJECT: How old are you

- UCE: 14

- SUBJECT: Yes I'm sorry babe. I really wanted to see where you look like

- SUBJECT: What

- UCE: Ok. Sorry. I get it.

- SUBJECT: Dang

- UCE: I know. Could've been fun lol

- SUBJECT: Yes it could have

- UCE: Oh well. I'll keep looking

- SUBJECT: But it could be like that show. "To catch a pre

- SUBJECT: Predator

- UCE:  What?

- SUBJECT: It's a TV show that sets guys up on live tv. It has a cop acting like a under age girl and then gets the guy to come to the girls house and it's all a set up

UCE then sent SUBJECT a photograph of an FBI cooperating witness depicting the cooperating witness from the chest up, clothed and standing in front of some cabinets.  The conversation then continued:

- UCE: Haha. Definitely not a cop.

- SUBJECT: Yes I would have like to see you nude but……

- UCE: Sorry

- UCE: Hope I didn't make you uncomfortable

- SUBJECT: You didn't

- UCE: Good. Take care

- SUBJECT: How would you have been able to do any thing with me

- SUBJECT: You can't drive

- UCE: Last time a guy came over when my mom was at work and another when she went to her bfs in Kentucky

- SUBJECT: Where you just like sex with older guys

- SUBJECT: What

- SUBJECT: Stupid spell check

- UCE: I guess. I know im weird

- SUBJECT: You're not weird. You don't think it's wrong to have sex with a older guy

- SUBJECT: I think the age thing is messed up. I think it should be changed

- UCE: No. I hope you don't think in awful now

- SUBJECT: No I don't

- UCE: Thnx

- SUBJECT: I would do it but…if we get caught it could be bad

- UCE: Yeah. ik. Wed have to be careful

- SUBJECT: Are you sure you're not 18

- SUBJECT: lol

- UCE: Yep. Sorry. Lol

- UCE: Maybe we could say your 16

- SUBJECT: It could be a joke….And you're really 18

- UCE: Haha

- SUBJECT: What time does your mom get home anyway

- UCE: Between 4 and 5

- SUBJECT: Do you have any sexy pics there your not nude but almost

UCE then sent the SUBJECT a photograph of an FBI cooperating witness standing in front of a mirror and holding up two fingers. The UCE is fully clothed, but part of her stomach is showing. The conversation then continues:

- UCE: Not really lol

A casual conversation then continues with non-sexually explicit images being exchanged. The conversation then continues:

- SUBJECT: So how can we meet. I get off a 4 and have thur and fri off so that tuff to do if your mom gets home at 4 or 5
- UCE: She goes to her bfs all the time. He lives in Kentucky
- SUBJECT: When does she go
- UCE: I'll see when she's going again.
- UCE: Just a sec
- SUBJECT: Ok
- UCE: Monday or next Friday
- SUBJECT: I read on here the that pics disappear on kik.
- UCE: Yeah. You can delete chats. It keeps everything safe
- SUBJECT: So you can send me some pics then

UCE then sent SUBJECT a photograph of an FBI female cooperating witness holding up two fingers and sticking her tongue out. The SUBJECT then sent UCE a picture of himself along with who he described as his adult children. The conversation then continues:

- SUBJECT: So how do you like it when you do it
- UCE: Sex?
- SUBJECT: Yes
- UCE: I like on top
- SUBJECT: I'm fixed so is that good
- UCE: Yeah…..I think
- SUBJECT: Could I see your down under part

10

- SUBJECT: V

- UCE: Nude?

- SUBJECT: Yes

- SUBJECT: Or not

- SUBJECT: I don't care

- UCE: Wht do I get in return

- SUBJECT: Where do you want

- SUBJECT: What

- UCE: If I send wht ru gonna send me

- SUBJECT: Me I guess

- UCE: Haha

- SUBJECT: I understand

- UCE: I never really done nudes but everyone at school does lol

- SUBJECT: I'll delet it after I see it. I don't want to save it on my phone just in case

- SUBJECT: (An Emoji indicating that it's giving a kiss.)

- UCE: Ok. Can you coach me. I don't want to do anything stupid

- SUBJECT: Just go into your room or whatever and take a selfie of it

- UCE: Show me what you want

- SUBJECT: Just what ever.

- UCE: I don't want to let you down

- SUBJECT: You won't. I don't care how you do it. If you don't want to don't. I won't be mad

- UCE: Ok. Maybe later. I'm just a little nervous

- SUBJECT: That's fine

8.    On April 16, 2022, the conversation between UCE and the SUBJECT continued on Kik:

- SUBJECT: Do you ever sneak out

- SUBJECT: Hello

- UCE: Yeah. I have a few times

- SUBJECT: You still there

- UCE: Yeah

- SUBJECT: So do you ever sneak out

- UCE: Yeah

- SUBJECT: How do you do that and how long can you be gone

- UCE: Go out the front door lol.

- UCE: A few hours for sure

- SUBJECT: Your mom do say anything

- UCE: She don't know

- SUBJECT: Yes but what if she looks for you

- UCE: She hasn't yet. If she did I'd just say o went for a walk

- SUBJECT: You want to play tonight

- UCE: I can't tonight her bf is here. Tomorrow night I could tho

- SUBJECT: Ok What will you let me do

- UCE: I guess whatever u want

12

- SUBJECT: Can I kiss you all over and then play with your v and Suck you're boobs

- UCE: Of course

- SUBJECT: Can I have a picture of you in your bra and panties

- SUBJECT: Not nude

- UCE: I don't have any

9.      On April 17, 2022, 2019, the conversation continued between UCE and SUBJECT on Kik, and the following excerpt of conversation ensued:

- UCE: Mom is going to Kentucky tomorrow

- SUBJECT: Cool

- SUBJECT: Maybe if you tell me what you want I'll come over after I get off work

- UCE: Haha. You're the man so you tell me

- SUBJECT: I need to know what you want you tell me.

- SUBJECT: I need to be carful you know

- UCE: Me to

10.     On April 18, 2022, the conversation between UCE and SUBJECT continued on Kik.  The SUBJECT asked, "You're mom gone." UCE responded by saying "mom" would be leaving in the afternoon.  The SUBJECT expressed concerns about UCE's "sister" and "neighbors."  The SUBJECT then instructed the UCE to delete UCE's Kik conversation, and when SUBJECT asked to UCE to verify that UCE was really 18 to say "yes."  The SUBJECT asked UCE for UCE's telephone number, so the SUBJECT and UCE could text. The conversation then transitioned to text messaging. The following conversation then occurred:

- SUBJECT: I'll be getting off early. What time will you be free

- UCE: As soon as she leaves. Around 3…..I think

- SUBJECT: Would you want to come to my place

- UCE: What time u getting off

- UCE: How. I can't drive

- SUBJECT: Probley around 3

- SUBJECT: I'll pick you up

- SUBJECT: I'm in training for the next three days so Ill be off earlier than usauall

- UCE: Ok. I guess that would work.

Later, the conversation continued:

- SUBJECT: When we get to my place wanna to shower with me to have some fun before

- UCE: Sounds fun

11.     The SUBJECT asked for the UCE's address, and the UCE provided the SUBJECT with the location of UCE's residence.  UCE told the SUBJECT that the UCE would meet the SUBJECT in the parking lot.  At approximately 2:20p.m., FBI personnel observed the SUBEJCT driving a black colored Kia Sedan driving in the parking lot of the meet location.  The SUBJECT also sent UCE a message at 2:22p.m saying, "I'm here."  FBI personnel then conducted a traffic stop of the SUBJECT's vehicle.  The SUBJECT then consented to be interviewed by FBI Special Agents Erika Connolly and Bryan Knowles.  The SUBJECT sat in the front passenger seat of an FBI vehicle and was never restrained during the course of the interview.  The SUBJECT was also advised of his constitutional rights.

12.     During the interview, the SUBJECT admitted that he was present to meet a girl named "Briley."  The SUBJECT believed that he met "Briley" on an online application called Skout and then transitioned to Kik. Later, the conversation transitioned to Google Voice.  The Affiant knows that Google Voice is a texting application that allows for the user to have a second telephone number for purposes of making telephone calls and exchanging text messages.  The SUBJECT admitted that he was going to meet "Briley" to "mess around" because her parents were going out of town.  The SUBJECT said that "Briley" told him she was 14 years old but later said she was 18 years old.  When confronted by interviewing Agents, the SUBJECT admitted that he told "Briley" to say she was 18 years old.  The SUBJECT also stated that he asked "Briley" to delete her chats with him because he wanted to avoid a situation where he could get in trouble for talking to a 14-year-old.  The SUBJECT noted that he requested "Briley" send images that were sexual in nature during their conversation.  The SUBJECT understood that if "Briley" had sent those images it may have been consider Child Sex Abuse Material.

## CONCLUSION

13.     Based on the foregoing, I submit that there is probable cause to believe that between April 14, 2022 and April 18, 2022, **CHRISTOPHER DAVID EMERY**, used a facility and means of interstate commerce, mainly his cellular telephone, and knowingly attempted to persuade, induce, and entice an individual who had not attainted the age of 18 years, to engage in a sexual activity for which a person could be charged with a criminal act under previously cited Illinois State Law, in violation of 18 U.S.C. 2422(b).  Also, on April 14, 2022, **CHRISTOPHER DAVID EMERY**, used a facility and means of interstate commerce, mainly his cellular telephone, to knowingly solicit purported material that is an obscene visual depiction of a minor engaging in sexually explicit conduct, as that term is defined in 18 United States Code

2256, in violation of 18 U.S.C.  2252A(a)(3)(B). Furthermore, on April 18, 2022,

**CHRISTOPHER DAVID EMERY,**  used a facility or means of interstate commerce to

knowingly attempt to initiate the transmission of the telephone number, and address of another

individual, believing that such other individual had not attained the age of 16 years of age, with

the intent to entice, encourage, offer, and solicit a person to engage in sexual activity for which

any person could be charged with a criminal offense, in violation of 18 U.S.C. 2425.



Raymond B. Hart,
Supervisory Senior Resident Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this

_____19th_____ day of April, 2022, at Benton, Illinois.

United States Magistrate Judge

STEVEN D. WEINHOEFT
United States Attorney

*Thomas E. Leggans*

THOMAS E. LEGGANS
Assistant United States Attorney